IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHARLENE ARKANSAS,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. **3:18-CV-1481-L** |
| **WILMINGTON TRUST NATIONAL** | § | |
| **ASSOCIATION and WELLS FARGO** | § | |
| **BANK, N.A.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff's Motion for Summary Judgment (Doc. 31), filed July 1, 2020; and Defendants' Motion for Summary Judgment (Doc. 34), filed July 10, 2020. For the reasons herein explained, the court **denies** both motions, and Plaintiff's request for a declaratory judgment will proceed to trial.

**I.     Background**

The facts and events leading up to the litigation in this case are detailed in the court's prior memorandum opinion and order (Doc. 25), which granted in part and denied in part a motion to dismiss by Defendants Wilmington Trust National Association ("Wilmington") and Wells Fargo Bank, N.A. ("Wells Fargo) (collectively, "Defendants").[*] As a result of that ruling, all that remains is Plaintiff Charlene Arkansas's ("Plaintiff" or "Arkansas") request for relief in the form of a declaratory judgment regarding the validity of the loan and corresponding lien on her property located at 6415 Lazy River Drive, Dallas, Texas 75241 ("Property). In her Original Petition, Plaintiff

---

[*] For purposes of brevity, the court incorporates by reference the contents of that order as if repeated herein verbatim.

**Memorandum Opinion and Order – Page 1**

also requested a temporary restraining order and permanent injunction to prevent Defendants from foreclosing on her Property. In their respective motions for summary judgment, both parties contend that they are entitled to judgment as a matter of law on Plaintiff's request for a declaratory judgment and the related relief sought by her.

## II.     Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense

to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**III.     Analysis**

    **A.     Plaintiff's Motion for Summary Judgment**

Ms. Arkansas contends that she is entitled to summary judgment on her request for a declaratory judgment regarding the invalidity of the loan, deed of trust, and Defendants' lien. Ms. Arkansas also asserts that she is entitled to summary judgment because Wells Fargo is no longer the loan servicer of her loan and lacks authority under the loan documents to enforce the note and deed of trust and seek foreclosure of the Property. Defendants respond that: (1) Plaintiff's request for a declaratory judgment cannot survive without a separate, independent, underlying claim; (2) Plaintiff has not met her burden of establishing that no genuine dispute of material fact exists regarding her request for a declaratory judgment and her assertion that the loan documents were forged; and (3) Plaintiff's claim that Defendants cannot enforce the lien because service of the loan has been transferred is not ripe.

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides parties, who are "threatened with liability, but otherwise without a satisfactory remedy, an early adjudication of an actual controversy." *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 170 (5th Cir. 1990) (citation omitted). In doing so, "[t]he Act provides an expedient means of declaring the rights and obligations of litigants." *Id.* "The Declaratory Judgment Act allows federal courts to 'declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Id.* (quoting 28 U.S.C. § 2201). Thus, "a party who has an interest in the outcome of future litigation can petition the court for a declaration of its rights and liabilities." *HAVEN*, 915 F.2d at 170. "A party's interest is an adverse legal interest within the meaning of the Declaratory Judgment Act when it relates to

'a case of actual controversy within [the court's] jurisdiction.'" *Id.* (quoting 28 U.S.C. § 2201). As the court in *HAVEN* explained, "[s]ince it is the underlying cause of action of the defendant against the plaintiff that is actually litigated in a declaratory judgment action, a party bringing a declaratory judgment action must have been a proper party had the defendant brought suit on the underlying cause of action." *HAVEN*, 915 F.2d at 170-71 (citation omitted).

Here, Defendants are correct to the extent that declaratory judgment relief under § 2201 is generally based on underlying claims, but the underlying claim(s) that gave rise to Plaintiff's request for declaratory judgment in this case are not her own tort claims that the court has dismissed. Instead, Plaintiff sought a declaratory judgment in response to Defendants' prior attempts to collect the outstanding loan amounts owed and foreclose on the Property and lien under the note and deed of trust. As explained in the court's prior opinion, after Plaintiff failed to make loan payments, Wilmington filed its Application for an Expedited Order Under Rule 736 to foreclose on the Property in 2017 and submitted an affidavit by its servicing agent Wells Fargo. This in turn prompted Ms. Arkansas to initiate the separate state action seeking a declaratory judgment regarding the validity and enforceability of the lien, which Defendants removed to federal court on June 8, 2018, and is pending before this court.

At the heart of Plaintiff's request for declaratory judgment relief is her contention that the loan and lien that form the bases for Defendants' collection and foreclosure efforts are not valid or enforceable against her because she did not apply for the loan, and whoever did apply for the loan forged her signature. According to Plaintiff, the loan was taken out in her name by some other person without her knowledge or permission. While Plaintiff's request for declaratory judgment shares some facts in common with the dismissed tort claims, it does not depend on her prevailing

**Memorandum Opinion and Order – Page 5**

on these claims. Additionally, even if, as Defendants contend, that no foreclosure proceedings are pending at the moment, it is undisputed that they have attempted to collect amounts due and foreclose on the Property in the past and will likely do so again in the future if the issue raised by Plaintiff is not resolved. A declaration of the rights and other legal relations of the parties with respect to the loan, note, deed of trust, and lien, is, therefore, appropriate under the circumstances.

The court, nevertheless, agrees with Defendants that Plaintiff is not entitled to summary judgment, as a genuine dispute of material fact exists as to whether she applied for the loan, or some other person forged her signature to obtain the home equity loan and related funds without her authorization. The court also agrees that Plaintiff is not entitled to summary judgment simply because there was a change in the loan servicer, as the issue before the court is not whether Wilmington or Wells Fargo should be allowed to foreclose on the Property and lien. Defendants have not sought permission in this case to foreclose on the Property, and, even if they had, Plaintiff would be entitled to seek dismissal of that claim; however, this does not mean that she would automatically be entitled to judgment on her own claims in this action. If Plaintiff believes that a loan servicer other than Wells Fargo is now servicing her loan, she could have, but has not, sought leave to amend her pleadings to add or substitute the new servicer as a party. Regardless, summary judgment is not appropriate on either of the grounds raised by Plaintiff.

  **B. Defendants' Motion for Summary Judgment**

Defendants contend that they are entitled to summary judgment on Plaintiff's request for declaratory judgment and injunctive relief for essentially the same reasons that they urged in response to Plaintiff's summary judgment motion—that she has failed to allege an independent and viable cause of action separate from her request for declaratory relief and injunctive relief. For the

**Memorandum Opinion and Order – Page 6**

reasons already explained, the court determines that judgment on this basis is premature and not appropriate given the genuine dispute of material fact issues surrounding Plaintiff's request for declaratory judgment and her likelihood of succeeding on this claim.

## IV. Conclusion

Having determined that the parties' cross-motions for summary judgment should be and are hereby denied, Plaintiff's declaratory judgment claim regarding the validity of the loan and corresponding lien at issue remains for trial, together with her request for injunctive relief.

**It is so ordered** this 5th day of November, 2020.

Sam A. Lindsay
United States District Judge